Eleanor M. Lackman (SBN 298584)
  eml@msk.com
Rebecca Eshaghzadeh (SBN 334130)
  rebecca.benyamin@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff
Cards Against Humanity, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDS AGAINST HUMANITY, LLC, a Delaware limited liability company,<br><br>             Plaintiff,<br><br>       v.<br><br>BLACKLIST GAMES, LLC, a limited liability company operating in California,<br><br>             Defendant. | CASE NO. 8:22-cv-00283<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>**Demand For Jury Trial** |

Plaintiff Cards Against Humanity, LLC ("Plaintiff" or "Cards Against Humanity") for its Complaint against Defendant Blacklist Games, LLC ("Defendant" or "Blacklist") alleges as follows:

## INTRODUCTION

1. Between March of 2018 and November of 2020, Blacklist and Cards Against Humanity engaged in a series of transactions by which Cards Against Humanity, through its then-subsidiary, Blackbox Systems, LLC ("Blackbox"), would provide fulfillment services for Blacklist, in exchange for a fee. Pursuant to the terms of the agreement, Blackbox stored Blacklist's products in its warehouse, packaged customer orders and duly shipped said orders to Blacklist's customers. Despite Blackbox's performance under the contract, Blacklist has failed to pay the outstanding balance of $236,189.49, due and owing to Cards Against Humanity, as successor in interest to the Blackbox contract.

## PARTIES

2. Plaintiff Cards Against Humanity is a limited liability company duly organized under the laws of the State of Delaware with its principal place of business at 1917 North Elston Avenue, Chicago, Illinois 90642-1219. Cards Against Humanity is the successor in interest to the Blackbox contract referenced in this Complaint.

3. Cards Against Humanity is informed and believes, and on that basis alleges, that Defendant Blacklist is a limited liability company organized under the laws of the State of New Mexico with its principal place of business at 3943 Irvine Boulevard Unit 118, Irvine, California 92602-2400. Blacklist is a company that creates and delivers tabletop games, board games, and card games to consumers who purchase games from Blacklist's online marketplace.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over Blacklist because Blacklist has its principal place of business in the State of California. This Court also has personal jurisdiction over Blacklist because Blacklist regularly solicits and conducts business in the State of California, including in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Blacklist resides in this District as it maintains its principal place of business in this District and because Blacklist has committed, and continues to commit, the conduct described herein in this District.

## FACTUAL BACKGROUND

7. Beginning in or about March 2018 and continuing through in or about November 2020, Blacklist entered into a series of business transactions with Cards Against Humanity and Blackbox under which Blackbox performed fulfillment services, including storage, packaging and shipping services, for Blacklist regarding Blacklist products sold to various customers.

8. Blacklist orally requested that Blackbox store, package and ship products ordered by Blacklist customers. Blackbox orally agreed to provide such services to Blacklist. Blacklist was to arrange for the delivery of these products from its manufacturer to Blackbox's warehouse.

9. In consideration for Blackbox's services, Blacklist agreed to compensate Blackbox for the storage, packaging, shipping and other related costs in amounts that Blackbox orally and in emails communicated to Blacklist. Blackbox also provided Blacklist with its Pricing Guidelines, which detailed how its fees would be calculated.

10. Blacklist would send Blackbox a spreadsheet that specified the product identification numbers, the number of units for each product, and the customer's shipping information for a given shipment. Upon receiving this spreadsheet from Blacklist, Blackbox would package the orders and ship them to customers as directed by Blacklist. Blackbox would then issue monthly invoices to Blacklist, which stated the balance due for the previous month's orders and the quantity of orders that were shipped by Blackbox.

11. As a result of these transactions, Blacklist incurred business debts to Blackbox and Cards Against Humanity in the amount of $218,251.97. Blacklist also incurred import tax and freight shipping costs relating to the inventory shipments in the amount of $54,937.52.

12. Prior to the date hereof, Blackbox transferred to Cards Against Humanity all of Blackbox's right, title, benefit and interest in and to the debt owed by Blacklist to Blackbox. As a result, Cards Against Humanity is the successor in interest to the Blackbox contract referenced herein.

13. On May 26, 2020, Cards Against Humanity sent Blacklist an invoice for $218,251.97. Blacklist agreed to pay Cards Against Humanity said amount by February 28, 2021.

14. On July 1, 2020, Blacklist paid Cards Against Humanity $10,000.

15. Subsequently, Cards Against Humanity sent Blacklist an updated invoice for $208,251.97, which accounts for Blacklist's prior payment of $10,000.

16. On March 22, 2019, September 28, 2020, and November 17, 2020, Blacklist received five invoices for the import tax and freight shipping charges, totaling $54,937.52. Said amounts were due upon receipt of the invoices.

17. Cards Against Humanity has repeatedly demanded that Blacklist pay these past-due invoices, which total $236,189.49. Blacklist has acknowledged the debt owed to Cards Against Humanity and has assured Cards Against Humanity that it would receive payment for said debt.

18. To date, despite Blackbox's full performance of its obligations and Cards Against Humanity's repeated demands for payment, Blacklist has still failed to pay Cards Against Humanity the outstanding balance of $236,189.49 owed to Cards Against Humanity. Said amount is justly due.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

19. Cards Against Humanity repeats and realleges the allegations set forth in paragraphs 1 through 18, and incorporates them herein by reference, as though set in full.

20. Blacklist and Blackbox entered into a contract for the fulfillment of customer orders by Blackbox as discussed above. Said contract was formed by oral agreements between Blacklist and Blackbox, the written spreadsheets from Blacklist which memorialized the products to be shipped to customers, and the Pricing Guidelines which defined the payment terms.

21. Blackbox has duly performed all of its obligations in accordance with the terms of the parties' agreement.

22. Blacklist breached the terms of the agreement by failing to pay Blackbox the outstanding balance owed for the inventory storage, the shipments to customers and the related freight and import tax charges.

23. As a direct and proximate result of Blacklist's breach of contract, the entire sum of $236,189.49 is now due, owing and unpaid. Despite repeated requests for payment, Blacklist has failed and refused to pay Cards Against Humanity the outstanding balance owed.

24. As a direct and proximate result of Blacklist's breach of contract, Cards Against Humanity has suffered and will continue to suffer significant economic damages. Cards Against Humanity is thereby entitled to damages in an amount to be proven at trial but not less than $236,189.49, plus interest thereon.

## SECOND CLAIM FOR RELIEF

### (Promissory Estoppel)

25. Cards Against Humanity repeats and realleges the allegations set forth in paragraphs 1 through 24, and incorporates them herein by reference, as though set in full.

26. Blacklist made promises to Blackbox that Blackbox would receive payment for storing, packaging and shipping orders of Blacklist's products to its customers.

27. Blacklist knew its promises would induce Blackbox to act on said promises.

28. In reliance on Blacklist's promises of payment, Blackbox stored Blacklist's products in its warehouse, packaged the orders and shipped them to Blacklist's customers as directed by Blacklist.

29. Cards Against Humanity, as successor in interest to the promises made to Blackbox, suffered a minimum of $236,189.49 in damages as a result of Blackbox's reasonable reliance on Blacklist's promises. To avoid any injustice, Cards Against Humanity should be compensated for the damages suffered.

## THIRD CLAIM FOR RELIEF

### (Quantum Meruit)

30. Cards Against Humanity repeats and realleges the allegations set forth in paragraphs 1 through 29, and incorporates them herein by reference, as though set in full.

31. Blackbox performed storage, packaging and shipment services for Blacklist pursuant to an express and/or implied request for such services from Blacklist. Blackbox rendered such services under an understanding with Blacklist that Blackbox would be compensated.

32. In total, Blacklist became indebted to Cards Against Humanity for the services rendered in the amount of $236,189.49. No part of this amount has been

paid. The sum of $236,189.49 remains unpaid and owed to Cards Against Humanity.

33. The services rendered were intended to and did benefit Blacklist. Blacklist has been unjustly enriched by Blackbox's services.

34. If the parties' agreement is declared invalid or unenforceable for any reason, Cards Against Humanity deserves to be compensated for the reasonable value of the services Blackbox rendered to Blacklist, which are valued at $236,189.49.

## JURY DEMAND

35. Pursuant to Federal Rule of Civil Procedure 38(b), Cards Against Humanity hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cards Against Humanity respectfully requests that judgment be entered against Defendant Blacklist, as follows:

A. For damages in an amount to be proven at trial, but in no event less than $236,189.49, plus pre-judgment and post-judgment interest thereon at the maximum legal rate; and

B. For such other and further relief as this Court deems just and proper.

Dated: February 22, 2022

ELEANOR M. LACKMAN
REBECCA ESHAGHZADEH
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Eleanor Lackman
    Eleanor M. Lackman

*Attorneys for Plaintiff*
*Cards Against Humanity, LLC*